IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV81-03-MU

| | |
|---|---|
| VERNON L. QUINN, | ) |
|     Petitioner, | ) |
| v. | )    **O R D E R** |
| JIM PENDERGRAPH, | ) |
|     Respondent. | ) |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed February 25, 2005. (Document No. 1.)

Plaintiff alleges a variety of unrelated incidents in his Complaint. First, he complains that since he began his incarceration, the temperature in his cell and in the POD day room is extremely cold and as a result his joints ache. Next he complains that he submitted a grievance on January 31, 2005 complaining that he has not been tested or seen by the medical staff at the facility at which he is housed. However, he does not specify what medical condition he has that requires medical attention. Plaintiff's grievance was returned to him with a note stating, "suggest you don't have sex with other inmates." In a separate allegation, Plaintiff complains that the medical staff only gave him a tuberculosis test but have not addressed the fact that his weight has decreased from 180 pounds to 167 pounds. Plaintiff also complains that Defendant has charged him for legal mail postage even though he is an indigent inmate. Lastly, Plaintiff alleges that Defendant has "inflicted blanket punishment" on him since his incarceration of January 1, 2005.

Plaintiff's Complaint fails to state a claim for relief and for the reasons stated in this Order

1

must be dismissed.

Plaintiff's allegations regarding the temperature in his cell and in the POD room do not rise to the level of a Constitutional challenge. It is true that inadequate heating, depending upon the severity and duration may reach the level of cruel and unusual punishment if it causes serious deprivation to which prison officials are deliberately indifferent. Wilson v. Seiter, 501 U.S. 294, 304-05 (1991). However, Plaintiff's Complaint contains no allegation which tends to support a serious deprivation or a conclusion that the Defendant was deliberately indifferent. Therefore, this cause of action fails to state a claim for relief.

Plaintiff's medical allegations also do not state a claim for relief. A prisoner makes out a claim under the Eighth Amendment if he can establish that prison medical staff was deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Plaintiff does not even articulate what his medical needs were nor does he name any medical staff as defendants in this action. Therefore, Plaintiff's medical allegations fail to state a claim for relief under the Eighth Amendment.

Plaintiff's claim regarding his legal mail also must fail. Plaintiff claims that Defendant has refused to answer his grievance dated January 31, 2005 complaining that he was charged for legal mail postage. However, the record reflects that Plaintiff did receive two separate response to two separate grievances filed regarding legal postage. On February 15, 2005, Plaintiff received a response to his February 11, 2005 grievance stating, "Reading material, we can not supply paper from Chaplains office, You must contact commissary." (Grievance attached to Doc. 3.) Also on February 24, 2005, Plaintiff received a response to his January 31, 2005 grievance stating, "You may order stationary products through commissary, however the Chaplains office no longer provides

stamps, paper or writing materials." (Grievance attached to Doc. 3.)

Moreover, there is no blanket rule that states that all legal mail mailed by prisoners is free. Fourth Circuit law is clear that indigent inmates may not be denied reasonable amounts of postage to mail legal mail and that indigent prisoners do not have unlimited right to free postage. White v. White, 886 F.2d 721, 723 (4th Cir. 1989). Plaintiff's Complaint does not contain any specific information regarding his ability to pay for legal mail or the amount he was charged for the legal mail or how much legal mail he is mailing. "Prisoners do not have an unlimited right to free postage in connection with the right of access to the courts. Reasonable regulations are necessary to balance the rights of prisoners with budgetary considerations." Twyman v. Crisp, 584 F.2d 352, 359 (10th Cir. 1978). To state a claim such as this, a prisoner must provide some basis to conclude he was deprived of meaningful access to the courts. See King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987); Hoppins v. Wallace, 751 F.2d 1161, 1162 (11th Cir. 1985); Twyman, 584 F.2d 359. Plaintiff's complaint contained no such allegation.

Finally, Plaintiff alleges that Defendant has inflicted "blanket punishment on him since his incarceration on January 8, 2005. This claim also fails to state a claim for relief as it contains no facts connecting it to a constitutional violation.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint is Dismissed for failure to state a claim for relief.

**Signed: June 9, 2005**

*Graham C. Mullen*
Chief United States District Judge